# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

**DANIEL L. HANSON,**

        **Plaintiff,**

    **-vs-**                               **Case No.    02-C-938**

**ROMAN KAPLAN, M.D., and**
**JUDY P. SMITH,**

        **Defendants.**
_____

## DECISION AND ORDER
_____

        The plaintiff, Daniel L. Hanson, who is currently incarcerated at the Oshkosh Correctional Institution, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and was granted leave to proceed *in forma pauperis* on August 6, 2003. The plaintiff alleges that his Eighth Amendment rights were violated when the defendants acted with deliberate indifference to his serious medical needs. The parties have filed cross motions for summary judgment. The plaintiff has also filed a motion for order for further disclosure and discovery and a motion for order to disclose witnesses. All of these motions will be addressed herein.

### I. FACTUAL BACKGROUND

        On September 9, 2002, the plaintiff lodged a civil rights complaint against the State of Wisconsin, the Wisconsin Department of Corrections (DOC), Oshkosh Correctional Institution (OCI), Tom Edwards, Dr. Burnett, Sgt. Coonen, Dr. Kaplen, and

Unknown, a DOC Corrections Complaint Examiner. On January 15, 2003, the State of Wisconsin, DOC, OCI, Tom Edwards, Dr. Burnett, Sgt. Coonen and the unknown Corrections Complaint Examiner were terminated as defendants. The plaintiff was permitted to proceed on his deliberate indifference claim against defendant Dr. Kaplan.[1]

The defendant filed a motion for summary judgment on February 11, 2003. On May 23, 2003, the defendant's motion was denied, and the plaintiff amended his complaint to include Judy Smith as a defendant. Sometime between May and June 2003, the plaintiff was transferred from OCI. On March 22, 2004, defendants Kaplan and Smith filed a motion for summary judgment. However, it appears that the motion was sent to the plaintiff's OCI address. As a result, the plaintiff failed to file a response. On June 1, 2004, the court dismissed the plaintiff's claims with prejudice, and judgment was entered in favor of the defendants.

The case was reinstated on November 1, 2004, and the plaintiff filed a motion for summary judgment on November 9, 2004. On December 27, 2004, the court deferred ruling on the plaintiff's motion, and denied the defendants' motion for summary judgment because they failed to include the notice statement required under Civil Local Rule 56.1 (E.D. Wis). On December 30, 2004, the defendants provided the plaintiff with proper notice and re-filed their summary judgment motion. On March 7, 2005, the plaintiff filed a motion for further disclosure and discovery, and a motion to disclose witnesses.

---

[1] Defendant Kaplan contends that his name was incorrectly spelled "Kaplen" in the complaint. *See* Defendant's Answer at 1.

**A. Motions**

On November 9, 2004, the plaintiff filed a motion for summary judgment, along with supporting affidavits. On December 30, 2004, the defendants filed their own motion for summary judgment. On February 23, 2005, the defendants filed a response, claiming that the plaintiff's motion fails to comply with either Federal or Local Rules.

The plaintiff moves for summary judgment because he did not get medical care or medication in a timely manner. The plaintiff's motion incorporates:

> all the pleadings in this case as well as statements given and/or affidavits by Hanson, against Kaplan and Smith in this action, also to include all prior complaints and fileings (sic) to the court clerk.

(Plaintiff's Motion for Summary Judgment at 1).

The plaintiff's motion complies with the Local Rules. Civil Local Rule 56.2 provides in part:

Motions for summary judgment must comply with Fed. R. Civ. P. 56 and Civil L.R. 7.1 In addition, with the exception of Social Security reviews, the following requirements must be met:

> (a) Motion. The moving papers must include either (1) a stipulation of facts between the parties, or (2) the movant's proposed findings of fact supported by specific citations to evidentiary materials in the record (e.g., pleadings, affidavits, depositions, interrogatory answers, or admissions), or (3) a combination of (1) and (2).
>
> > (1) The movant must present only the factual propositions upon which there is no genuine issue of material fact and which entitle the movant to judgment as a matter of law, including those going to jurisdiction and venue, to the identity of the parties, and to the background of the dispute.
> >
> > (2) Factual propositions must be set out in numbered paragraphs, with the contents of each paragraph limited as far as practicable to a single factual proposition.

Civil L.R. 56.2(a) (E.D. Wis.).

While the plaintiff does not submit proposed findings of fact, he cites to pleadings and affidavits that raise a genuine issue of material fact. Based on the foregoing, the plaintiff will be permitted to proceed with his motion for summary judgment. The court will now consider the summary judgment motions of both parties.

**B. Standard of Review**

Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The mere existence of some factual dispute does not defeat a summary judgment motion; "the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). For a dispute to be genuine, the evidence must be such that a "reasonable jury could return a verdict for the nonmoving party." *Id*. For the fact to be material, it must relate to a dispute that "might affect the outcome of the suit." *Id*.

Although summary judgment is a useful tool for isolating and terminating factually unsupported claims, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986), courts should act with caution in granting summary judgment, *Anderson*, 477 U.S. at 255. When the evidence presented shows a dispute over facts that might affect the outcome of the suit under governing law, summary judgment must be denied. *Id*. at 248.

The moving party bears the initial burden of demonstrating that he is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 323. Where the moving party seeks summary judgment on the ground that there is an absence of evidence

to support the nonmoving party's case, the moving party may satisfy its initial burden simply by pointing out the absence of evidence. *Id.* at 325. Once the moving party's initial burden is met, the nonmoving party must "go beyond the pleadings" and designate specific facts to support each element of the cause of action, showing a genuine issue for trial. *Id.* at 323-24. Neither party may rest on mere allegations or denials in the pleadings, *Anderson*, 477 U.S. at 248, or upon conclusory statements in affidavits, *Palucki v. Sears, Roebuck & Co.*, 879 F.2d 1568, 1572 (1989).

In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, it is "not required to draw every conceivable inference from the record - only those inferences that are reasonable." *Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir. 1991).

**C. Relevant Undisputed Facts[2]**

The plaintiff was incarcerated at OCI at all times relevant to this action. (Complaint at 4). Defendant Roman Kaplan is a physician at OCI. (Affidavit of Roman Kaplan [Kaplan Aff.] at 1 ¶ 2). Defendant Judy P. Smith is the OCI warden. (Affidavit of Judy P. Smith [Smith Aff.] at 1 ¶ 2).

On April 18, 2001, the plaintiff was transferred from Dodge Correctional Institution to OCI. (Complaint at 6). Between May 2, 2001, and April 5, 2003, Dr. Kaplan and the plaintiff had over 30 physician-patient contacts, primarily concerning the

---

[2] The relevant facts are based upon the defendants' affidavits to the extent they are undisputed and factual propositions submitted by the plaintiff in the verified complaint, and plaintiff's Response to Defendants' Motion for Summary Judgment to the extent such factual propositions are undisputed. *See* Civ. L.R. 56.2 (E.D. Wis.).

plaintiff's back pain. (Kaplan Aff. at 1 ¶ 3). In 2001, the plaintiff was referred to the University of Wisconsin Hospital in Madison, Wisconsin (UW) for back surgery. (Kaplan Aff. at 1 ¶ 4).[3] On August 8, 2001, Dr. Daniel Resnick performed a microdisectomy at UW. (Kaplan Aff. at 1 ¶ 4).

The plaintiff was returned to the OCI Health Services Unit (HSU) on August 9, 2001. (Complaint at 6). He was released from HSU August 11, 2001. (Complaint at 6). In the week following his surgery, the plaintiff was issued a conduct report because he missed count three times, and he was sent to Temporary Lock Up (TLU) for talking back to an officer during a discussion about missing count. (Complaint at 6).

The plaintiff did not meet with Dr. Resnick for a follow up appointment. (Affidavit of Daniel L. Hanson [Hanson Aff.] at 3 ¶ 6). However, an MRI was performed to rule out the possibility of complications. (Kaplan Aff. at 1-2 ¶ 5). The MRI results revealed no abnormalities requiring surgical intervention. (Kaplan Aff. at 2 ¶ 5). The plaintiff started physical therapy sometime during 2002. (Complaint at 7).

## II. DISCUSSION[4]

**A. Dr. Kaplan**

The plaintiff alleges that Dr. Kaplan denied him pain medication before and after his back surgery, failed to schedule a follow-up appointment with Dr. Resnick, and

---

[3] The defendant alleges that the surgery was performed in 2001, not 2002, as indicated in Kaplan's Affidavit. *See* Hanson Aff. at 1.

[4] At this point, the court usually determines whether an inmate has exhausted administrative remedies under 42 U.S.C. § 1997(e)a. ("No action shall be brought...by a prisoner...until such administrative remedies as are available are exhausted."). However, the court has already held that the plaintiff has exhausted. *See* Order Denying Defendant's Motion for Summary Judgement dated May 23, 2003. Thus, the court will address the merits of the plaintiff's claims.

denied him physical therapy. (Complaint at 6). The plaintiff claims that Dr. Kaplan's actions caused him to experience nerve damage and numbness in his leg and foot. (Hanson Aff. at 3). The defendant contends that he was not deliberately indifferent to the plaintiff's medical condition. (Kaplan Aff. at 2 ¶ 7).

To establish liability under the Eighth Amendment, a prisoner must show: (1) that his medical need was objectively serious; and (2) that the official acted with deliberate indifference to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001); *see also Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Zentmyer v. Kendall County, Illinois*, 220 F.3d 805, 810 (7th Cir. 2000).

A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (*quoting Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)). Factors that indicate a serious medical need include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Gutierrez*, 111 F.3d at 1373 (citations omitted). A medical condition need not be life-threatening to qualify as serious and to support a § 1983 claim, providing the denial of medical care could result in further significant injury or in the unnecessary infliction of pain. *See Reed v. McBride*, 178 F.3d 849, 852-53 (7th Cir. 1999); *Gutierrez*, 111 F.3d at 1371.

A prison official acts with deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. Prison officials act with deliberate indifference when they act "intentionally or in a criminally reckless manner." *Tesch v. County of Green Lake*, 157 F.3d 465, 474 (7th Cir. 1998). Neither negligence nor even gross negligence is a sufficient basis for liability. *See Salazar v. City of Chicago*, 940 F.2d 233, 238 (7th Cir. 1991). A finding of deliberate indifference requires evidence "that the official was aware of the risk and consciously disregarded it nonetheless." *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001) (*citing Farmer*, 511 U.S. at 840-42).

In determining whether an official's conduct rises to the deliberate indifference standard, a court may not look at the alleged acts of denial in isolation; it "must examine the totality of an inmate's medical care." *Gutierrez*, 111 F.3d at 1375. In *Gutierrez*, isolated incidents of delay, during ten months of prompt, extensive treatment did not amount to deliberate indifference. *Id*. Similarly, in *Dunigan v. Winnebago County*, 165 F.3d 587, 591 (7th Cir. 1999), "factual highlights" of neglect over a month and a half of otherwise unobjectionable treatment were insufficient to avoid summary judgment.

Construing the plaintiff's complaint liberally as this court must at this stage, the plaintiff's allegations, even if true, fail to rise to the level of deliberate indifference to his serious medical needs. The plaintiff presents no facts to support his conclusion that he was not given pain medication. He admits that Dr. Kaplan gave him Ibuprofen, Naproxen and Aspirin for back pain. (Complaint at 6, 9). Moreover, the plaintiff admits that he was

Case 2:02-cv-00938-RTR   Filed 09/12/05   Page 8 of 13   Document 76
-8-

provided with a lower bunk, a lower tier restriction, an egg crate mattress, and a heating pad to help alleviate his pain. (Complaint at 9).

The plaintiff's real complaint is that Dr. Kaplan did not follow Dr. Resnick's orders as stated in the plaintiff's discharge summary. (Complaint at 21). While the plaintiff may believe that Dr. Kaplan should have prescribed different medication, a difference in opinion between a physician and patient concerning the adequacy of medical treatment actually provided does not give rise to a constitutional claim under 42 U.S.C. § 1983. *Thomas v. Pate*, 493 F.2d 151, 158 (7th Cir. 1974), *cert. denied*, 419 U.S. 879, *vacated on other grounds*, 419 U.S. 813; *Davis v. Schmidt*, 57 F.R.D. 37, 41 (W.D. Wis. 1973). *See Meriwether v. Faulkner*, 821 F.2d 408, 413 (7th Cir.), *cert. denied*, 484 U.S. 935 (1987); *Williams v. Duckworth*, 598 F.Supp. 9 (N.D. Ill.1983), *aff'd* 749 F.2d 34 (7th Cir. 1985)

The plaintiff provides no evidence to support his claim that delayed physical therapy caused him to experience nerve damage. It is undisputed that the plaintiff has attended at least six physical therapy sessions. (Complaint Ex. 9 at 2). The plaintiff complains that the physical therapy did not start until nine months after his surgery. (Complaint Ex. 9 at 2). However, he has not submitted proof of nerve damage, or that such damage resulted from a lack of physical therapy. Indeed, the plaintiff states that he "fear(s) that their (sic) is something seriously wrong involving my nerves in my back to my lower extremities." (Complaint at 8). However, this is not sufficient to succeed on a deliberate indifference claim. "An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Langston v.*

*Peters*, 100 F.3d 1235, 1240 (7th Cir. 1996) (*quoting Beyerbach v. Sears*, 49 F.3d 1324, 1326 (8th Cir. 1995)); *see also Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992); *Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987) (a mere delay in treatment does not constitute deliberate indifference for purposes of the Eighth Amendment).

Furthermore, the plaintiff puts forth no evidence that his constitutional rights were violated when he was denied a follow-up appointment with Dr. Resnick. The plaintiff provides a letter stating that he was to have a six-week postoperative checkup with Dr. Resnick as evidence that Dr. Kaplan was deliberately indifferent to his medical needs. (Plaintiff's Ex. 3). However, it is undisputed that at least one MRI was performed shortly after his surgery, and the results revealed no abnormalities requiring surgical intervention. Therefore, the plaintiff was provided with a follow-up appointment. The fact that he was not seen by the doctor of his choice is not of constitutional import. *Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968) ("The prisoner's right is to medical care - not to the type or cope of medical care which he personally desires.").

Finally, the plaintiff complains that Dr. Kaplan is guilty of negligence and malpractice for not following directions laid out by Dr. Resnick. However, neither negligence nor malpractice state a claim under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)(where the inmate plaintiff had been seen and treated on several occasions by different physicians and other medical personnel, nothing more than medical malpractice had been alleged and medical malpractice, i.e., negligence, did not state cognizable claim under 42 U.S.C. § 1983.) This is true, irrespective of whether the medical officer is being sued in his personal or official capacity. *Id.* Accordingly, the defendants' motion for summary judgment on this claim will be granted.

**B. Warden Smith**

The plaintiff claims that warden Smith was deliberately indifferent to his serious medical need because she knew about the plaintiff's back pain and "did nothing to help." (Hanson Aff. at 3). The defendant contends that she had no personal involvement with the medical care given to the plaintiff. (Smith Aff. at 2 ¶ 6).

It is well established that "[s]ection 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Supervisory responsibility of a warden is not sufficient to establish personal liability for an isolated failure of a subordinate to carry out prison policies, unless the subordinate acted or failed to act based on his instructions. *Steidl v. Gramley*, 151 F.3d 739, 741 (7th Cir. 1998). While the plaintiff submits documentation of his attempt to see warden Smith to discuss Dr. Kaplan, (Plaintiff's Brief in Opposition to Defendants' Motion for Summary Judgment Ex. 11), the circumstances described in the complaint do not involve any act or omission by the warden, "which is essential to liability under 42 U.S.C. § 1983." *Id*. Therefore, summary judgment shall be entered in favor of defendant Smith.

**CONCLUSION**

The plaintiff's claim that his Eighth Amendment rights were violated when the defendants were deliberately indifferent to his serious medical need are dismissed, and the his summary judgment motion is denied. The defendants' motion for summary judgment will be granted.

### A. Plaintiff's Motions

On March 7, 2005, the plaintiff filed a "Motion for Order for Further Disclosure and Discovery." Upon review of the plaintiff's motion, the court finds that it is unnecessary and untimely. The plaintiff wants to see a copy of Dr. Kaplan's license to practice medicine, the records of what drugs he was given at OCI, and he wants to know how many other people Dr. Kaplan has hurt in the last 15 years. (Plaintiff's Motion for Order for Further Discovery and Disclosure at 2). However, the plaintiff was given from November 21, 2003 to February 20, 2004 to conduct discovery. *See* Docket No. 41.

Also, the plaintiff has filed a "Motion for Order to Disclose Witnesses." The plaintiff requests permission to use these "expert" witnesses to support his claim that he would not have suffered nerve damage had he been given different medication and received physical therapy earlier. As noted, he had over three months to collect the statements of these witnesses. Moreover, to the extent that the plaintiff alleges that defendants have hindered him from conducting discovery (i.e. because Dr. Kaplan's notes are illegible), the court reminds the plaintiff that he filed a motion for summary judgment as to all claims upon which he is proceeding in this case months before he requested this discovery. Accordingly, the plaintiff's motions will be denied.

### ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for summary judgment (Docket # 56) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' motion for summary judgment (Docket # 42) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for order for further disclosure and discovery (Docket # 70) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for order to disclose witnesses (Docket #71) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** and the Clerk of Court shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 12th day of September, 2005.

SO ORDERED,

s/ Rudolph T. Randa
HON. RUDOLPH T. RANDA
Chief Judge