# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DANIEL L. HANSON,**

      **Plaintiff,**

    -vs-                                                                  Case No. 02-C-938

**ROMAN KAPLAN, M.D., and**
**JUDY P. SMITH,**

      **Defendants.**

## DECISION AND ORDER

The plaintiff, Daniel L. Hanson, lodged this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. On January 15, 2003, he was permitted to proceed *in forma pauperis* on an Eighth Amendment claim that the defendants were deliberately indifferent to his serious medical need. Subsequently, on September 12, 2005, the court granted the defendants' motion for summary judgment and denied the plaintiff's motion for summary judgment. Currently pending are: (1) the plaintiff's motion to alter or amend the judgment; and (2) the plaintiff's request for appointment of counsel. Both applications will be addressed herein.

**1.    Motion to Alter or Amend the Judgment**

The plaintiff has moved to alter or amend this court's September 12, 2005, judgment which granted the defendants' motion for summary judgment and denied the

plaintiff's motion for summary judgment. In support of his request, the plaintiff asserts that: (1) he was attempting to obtain information from the defendants when his motion for summary judgment was denied; (2) he had limited access to the prison law library; (3) the defendants denied him prescription pain medication before and after his surgery; and (4) the defendants delayed providing him physical therapy. This motion is properly regarded as a Rule 59(e) motion since it was filed within ten days after the entry of judgment and would result in a substantive change in the judgment. *Britton v. Swift Transp. Co., Inc.*, 127 F.3d 616, 618 (7th Cir. 1997). Rule 59(e) allows the court to alter or amend a judgment if: (1) the movant can demonstrate a manifest error of law or fact; (2) the movant presents newly discovered and previously unavailable evidence; (3) reconsideration is necessary to prevent manifest injustice; or (4) an intervening change in the law undermines the validity of the judgment. 11 Charles A. Wright et al., *Federal Practice and Procedure*, § 2810.1, at 125-27 (1995); *see also Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) ("Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures.") Rule 59(e) motions are generally not vehicles to introduce new evidence or advance arguments that could or should have been presented to the district court prior to judgment. *Moro*, 91 F.3d at 876; *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district of the district court." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

2

First, the plaintiff contends that he was still trying to collect information from the defendants when his motion for summary judgment was denied.[1] Based on this statement, it appears that he seeks to introduce newly discovered evidence in support of his request for reconsideration. However, the plaintiff has not presented any such new evidence demonstrating that this court incorrectly denied his motion for summary judgment. See *Moro,* 91 F.3d at 876. Furthermore, even if the plaintiff had submitted such evidence, he has not demonstrated that it was newly discovered or unknown to him during the pendency of his motion. *See id.*

The plaintiff further submits that the court should reconsider the denial of his motion for summary judgment because he was required to show that he had a pending federal case before he could use the law library at Green Bay Correctional Institution. The plaintiff has not explained how this requirement, by itself, warrants reconsideration of his summary judgment motion. Furthermore, the Court of Appeals for the Seventh Circuit has held that "inconvenient or even highly restrictive regulations governing the use of a prison law library" may not deny a prisoner of meaningful access to the courts. *Hossman v. Spradline*, 812 F.2d 1019, 1021 (7th Cir. 1987).

The plaintiff also seeks reconsideration of his claim that the defendants denied him prescription pain medication, which was dismissed because the plaintiff conceded that he was given multiple painkillers. In support of his request, the plaintiff maintains that Dr. Kaplan was aware that the plaintiff suffered chronic pain but did nothing

---

[1] Notably, the plaintiff has not indicated what information he was attempting to obtain from the defendants.

3

to help prevent it. However, the plaintiff has offered no evidence to bolster his contention. Rather, he simply asserts that he "can prove" that he suffered pain. (Motion to Alter or Amend at 3). However, the time to submit such proof was during the pendency of his motion for summary judgment. See *Koszola v. Bd. of Ed.*, 385 F.3d 1104, 1111 (7th Cir. 2004)("the Seventh Circuit has identified summary judgment as the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events.")(citations omitted). Moreover, assuming that the plaintiff could demonstrate that he experienced chronic pain, he would still be required to show that the defendants consciously ignored his medical condition to succeed on an Eighth Amendment medical care claim. See *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)(to establish deliberate indifference under the Eighth Amendment, the prisoner has to show that prisons official knew of and disregarded an excessive risk to the inmate's health or safety.). This he has not done.

Finally, the plaintiff asks the court to reconsider his claim that he suffered nerve damage when the defendants delayed the post-operative physical therapy prescribed by the plaintiff's surgeon. The plaintiff's claim was dismissed because he failed to submit any proof of nerve damage. See *Langston v. Peters*, 100 F.3d 1235, 1240 (7th Cir. 1996)("[a]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed.")(quoting *Beyerbach v. Sears*, 49 F.3d 1324, 1326 (8th Cir. 1995)). In support of his request for reconsideration, the plaintiff states that he "can prove all [his] allegations at trial." (Motion to Alter or Amend at 4).

4

However, as discussed herein, the time to submit such evidence was during summary judgment. *See Koszola,* 385 F.3d at 1111. Based on the foregoing, the plaintiff's motion for reconsideration of his Eighth Amendment claim must be denied.

**2.     Motion to Appoint Counsel**

The plaintiff has requested appointment of counsel. Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992); *McKeever v. Israel*, 689 F.2d 1315, 1318 (7th Cir. 1982).  This court is authorized to request, but not to compel (*see Mallard v. United States District Court*, 490 U.S. 296 [1989]), an attorney to represent an indigent civil litigant pursuant to Title 28, United States Code, § 1915(e)(1). *Jackson*, 953 F.2d at 1071; *McKeever*, 689 F.2d at 1318.  However, this court has no access to funds to compensate attorneys for such representation.  This court, therefore, appoints counsel under § 1915(e)(1) only in the rare case where the failure to appoint counsel would be so fundamentally unfair that the plaintiff's due process rights would be violated.  *McNeil v. Lowney*, 831 F.2d 1368, 1371 (7th Cir. 1987).

The threshold requirement for appointment of counsel under § 1915(e)(1) is whether a plaintiff has made a reasonable, but unsuccessful, effort to retain counsel, or whether the plaintiff was effectively precluded from making such efforts.  *Jackson*, 953 F.2d at 1073. If a plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright.  *Id*.  Once this initial requirement is met, the court, in exercising its discretion with regard to plaintiff's request, must address the following question:  given the difficulty of the case, does this plaintiff appear to be competent to try the case himself and, if not,

5

would the presence of counsel likely make a difference in the outcome of the case. See *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). In this case, the plaintiff has not provided any indication that he has unsuccessfully attempted to obtain legal counsel on his own. Accordingly, his motion for appointment of counsel will be denied.

**IT IS THEREFORE ORDERED** that the plaintiff's motion to alter or amend the judgment (Doc. #80) is **denied.**

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Doc. #79) is **denied.**

Dated at Milwaukee, Wisconsin, this 14th day of July, 2006.

**SO ORDERED,**

s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA**
**Chief Judge**